**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 52309**

| | |
|---|---|
| **ELIZABETH COREY RABER,** | ) |
| | ) |
| **Petitioner-Counterdefendant-Respondent-Cross Appellant,** | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **MICHAEL ROBERT RABER,** | ) |
| | ) |
| **Respondent-Counterclaimant-Appellant-Cross Respondent.** | ) |
| —————————————————————— | ) |

**Boise, January 2025 Term**

**Opinion Filed: March 12, 2025**

**Melanie Gagnepain, Clerk**

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Anna Eckhart, Magistrate Judge.

The judgment of the magistrate court is <u>vacated</u> and <u>remanded</u>.

Palmer George PLLC, Coeur d'Alene and Cosho Humphrey, LLP, Boise, for Appellant. Mackenzie Whatcott argued.

Amendola Anderson & Doty, PLLC, Boise and Stoel Rives LLP, Boise, for Respondent. Christopher Pooser argued.

———————————

BRODY, Justice.

This is an expedited, permissive appeal of a child custody judgment awarding parents joint legal and physical custody of a then four-year-old child, which necessitated the child flying between the mother's home in Texas and the father's home in Idaho every two weeks. For the reasons discussed below, we vacate the magistrate court's judgment and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Elizabeth Corey Raber (Mother) and Michael Robert Raber (Father) married in 2019 in Texas. While living in Texas, Mother was an environmental attorney, and Father was a neurosurgeon. Their only child was born on October 9, 2019. The parties resided in Houston until moving to Coeur d'Alene in June 2020.

The parties' marital relationship was marked with significant difficulties, including a domestic dispute in June 2020 in which the police were called to the parties' home, but no charges were filed, and an incident in December 2021 that resulted in a felony domestic battery charge against Father. The charge was subsequently dismissed after he completed a court-ordered, year-long domestic violence program. The parties separated, and Mother filed for divorce in January 2022. Mother requested the court order that the parties have joint legal and physical custody of Child, but she also requested that she be awarded primary physical custody and that she be permitted to relocate to Texas with Child. Father answered and counterclaimed, initially seeking sole legal and physical custody of Child. Father eventually changed his request to ask for joint legal and physical custody, with both Parents sharing equal or substantially equal custody time.

Initially, Child remained with Mother in the family home in Coeur d'Alene, and Father had Child every other weekend at his home in Coeur d'Alene. In February 2022, Mother resumed working for her former law firm in Houston as a contract attorney on a part-time basis, and she began traveling with Child to Houston for work during the weeks in which she had physical custody. While Mother was at work, Child stayed with Mother's family in Houston and played with her cousins. The temporary custody schedule was modified in June 2023, and the parties were ordered to follow a week-on/week-off schedule, resulting in Child flying back and forth between Idaho and Texas each week. The magistrate court also ordered a Parenting Time Evaluation (PTE) to be conducted by Dr. Todd Bennett, Ph.D., a licensed psychologist, pursuant to Rule 1004 of the Idaho Rules of Family Law Procedure.

The PTE was completed in October 2023. The PTE recommended that Mother and Father share legal custody of Child but also recommended that Mother should have sole decision-making authority over Child's schooling and routine medical care. Turning to physical custody and relocation, the PTE recommended that Mother be awarded primary physical custody of Child and that she be permitted to relocate back to Houston. The PTE explained that young children tend to do better with a primary home placement and that "larger blocks of time separate from their routine can be stressful to them." The PTE recommended the following visitation schedule: that Father have visitation with Child for one long weekend each month, alternating between Father flying to Houston to visit Child and Mother flying with Child to Coeur d'Alene to enable Child to visit Father in Idaho. The PTE also recommended that Parents should alternate having physical custody of Child during holidays and school breaks, and recommended that, at Child's current age, she

visit Father in Idaho for three, non-consecutive weeks in the summer, but starting at age eight, for two, non-consecutive two-week blocks in the summer. To ensure Child would have some contact with Father between physical visits and to maintain the father-daughter relationship, the PTE further recommended that video calls between Father and Child be scheduled three times per week.

The matter proceeded to trial. The magistrate court subsequently issued a memorandum decision, outlining two possible custody schedules that it was considering and ordered the parties to either choose one of them or agree to their own plan within fourteen days; otherwise, the court would enter its own decision:

### PARENTING PLAN OPTION 1

The parties shall continue to share week-on/week-off parenting time as long as each party resides in the Coeur d'Alene area or in Liberty Lake or Spokane Valley. The "Coeur d'Alene area" is defined by this [c]ourt to be: Coeur d'Alene, Dalton Gardens, Hayden/Hayden Lake, Rathdrum, Athol, Hauser/Hauser Lake, Huetter, Post Falls, and Fernan Village.

. . . .

The parties will share holidays on a typical alternating schedule.

### PARENTING PLAN OPTION 2

With this plan the [c]ourt envisions [Mother] being able to live in Texas. However, this plan may not be workable in the long-run when [Child] starts school. The parties shall operate on a two week-on/off schedule. During the two week period, the off-duty parent shall have a long weekend or long period of parenting time of a minimum of 3 days. For instance, [Mother] has [Child] from April 5th through April 19th. [Father] can fly down to Texas to spend time with [Child] during that two-week period. Then [Child] will spend April 20 through May 3rd with [Father] in Idaho, and [Mother] will fly here to spend time with [Child]. The party giving up parenting time will fly with [Child] to the receiving party. With this scenario, [Child] is only subjected to two flights per month, which is not ideal but is better than what she has been doing.

The parties shall equally share the cost of [Child's] transportation back and forth. Each party shall be responsible for his/her off-duty travel costs.

The parties were unable to reach an agreement and, two weeks later, Mother filed a verified motion to amend to make additional findings of fact and/or to reconsider under Idaho Rules of Family Law Procedure 801(b) and 503(b). Mother argued the parenting plans outlined in the memorandum decision failed to consider the high level of conflict between Parents, which she argued was underscored by their inability to reach an agreement regarding the custody schedule. She further argued the findings contained within that memorandum could not be considered

3

complete given that the magistrate court had yet to reach a final decision on the custody schedule, and she requested the magistrate court consider other alternative custody schedules and make any additional factual findings in accordance with those schedules. Father objected, arguing the motion was procedurally improper because the magistrate court's memorandum decision setting forth the two parenting plan options could not be considered a final judgment. The magistrate court denied Mother's motion at a hearing, indicating that the best way to proceed would be to deny the motion, enter judgment based on the memorandum decision "as is," and for the parties to file an appeal if they desired.

The magistrate court subsequently issued a supplemental memorandum decision awarding Parents joint legal and physical custody. The supplemental memorandum decision did not specify a particular custody arrangement, but instead outlined the same two parenting plan options presented in the original memorandum decision and stated that this would be the "minimum" custody order:

> The minimum custody order shall be set forth below; however, the parties are encouraged to talk with one another and are free to expand or change the parenting plan *so long as they both agree*. The parties are strongly encouraged to work with one another, keeping in mind [Child's] best interests.

(Emphasis added.)

Mother relocated to Texas and the magistrate court subsequently entered judgment finalizing the custody orders. This means that Child flies between Idaho and Texas every two weeks as outlined in Parenting Plan Option 2. Parents were also ordered to share any of Child's educational expenses on a pro rata basis. Father moved for a permissive appeal of the custody judgment the next day, which the magistrate court granted. Mother filed a notice of cross-appeal.

## II.    STANDARD OF REVIEW

"Child custody determinations are committed to the sound discretion of the magistrate judge." *Bartosz v. Jones*, 146 Idaho 449, 453, 197 P.3d 310, 314 (2008). Absent an abuse of discretion, the trial court's child custody determination will not be overturned. *Firmage v. Snow*, 158 Idaho 343, 347, 347 P.3d 191, 195 (2015). "A trial court does not abuse its discretion as long as the court recognizes the issue as one of discretion, acts within the outer limits of its discretion and consistently with the legal standards applicable to the available choices, and reaches its decision through an exercise of reason." *Id*. (quoting *Suter v. Biggers*, 157 Idaho 542, 546, 337 P.3d 1271, 1275 (2014)). "When the trial court's decisions affect children, the best interests of the

4

child is the primary consideration." *Id.* (quoting *Suter*, 157 Idaho at 546, 337 P.3d at 1275). Consequently, in matters of child custody, "[a]buse of the trial court's discretion occurs only when the evidence is insufficient to support the conclusion that the interests and welfare of the minor children would be best served by a particular custody award or modification." *Biggers v. Biggers*, 103 Idaho 550, 555, 650 P.2d 692, 697 (1982).

### III.    ANALYSIS

Both Father and Mother appeal various rulings made by the magistrate court in connection with the custody judgment. Father contends the magistrate court abused its discretion by: (1) failing to properly analyze the best interests of the child in accordance with Idaho Code section 32-717 and failing to make any determination that a specific custody schedule is in the best interests of Child; (2) permitting Child to relocate to Texas with Mother without analyzing any factors supporting relocation or making a determination that relocation was in Child's best interests; and (3) exceeding its authority by ordering apportionment of Child's educational expenses. Father also argues that the findings contained in the magistrate court's decision support a conclusion that it is in Child's best interests to continue residing in Coeur d'Alene and spending time with each parent on an equal basis. In her cross-appeal, Mother contends the magistrate court erred by not considering her motion to reconsider and/or amend the findings. For the reasons discussed below, we vacate the judgment and remand the matter for further proceedings because the magistrate court failed to consider all relevant factors pertaining to the custody schedule and relocation and failed to reach a specific determination regarding the best interests of Child.

"In Idaho, the children's best interests are of paramount importance when making decisions regarding the children's custody, including decisions relating to where the children will reside." *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009). Section 32-717 of the Idaho Code provides that child custody determinations must be based upon consideration of all relevant factors and be in the best interests of the child:

(1) In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:

(a) The wishes of the child's parent or parents as to his or her custody;

(b) The wishes of the child as to his or her custodian;

(c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;

5

(d) The child's adjustment to his or her home, school, and community;

(e) The character and circumstances of all individuals involved;

(f) The need to promote continuity and stability in the life of the child; and

(g) Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

I.C. § 32-717(1). This list of factors is not exclusive based on the "may" language in the statute. *See Searle v. Searle*, 162 Idaho 839, 844, 405 P.3d 1180, 1185 (2017). It is also not exclusive; the factors "may include" other considerations. In relocation cases, these factors may also include:

> The parents' motives for relocating or opposing relocation; the quality of relationship between both parents and the child; the child's attachment to both parents; the negative impact of the child's exposure to continued hostility between the parents; the extent the move would enhance the economic, emotional, and educational well-being of the custodial parent and the child; the quality of the child's lifestyle if the relocation was allowed or denied; the effect of the move on the child's relationship with extended family members; and the likelihood that suitable visitation arrangements could preserve the child's relationship with the non-custodial parent.

*Danti*, 146 Idaho at 939, 204 P.3d at 1150. A court abuses its discretion when it fails "to support its conclusion that the welfare and interests of a child will be best served by a particular custody award." *Searle*, 162 Idaho at 844, 405 P.3d at 1185 (quoting *Moye v. Moye*, 102 Idaho 170, 172, 627 P.2d 799, 801 (1981)).

"Additionally, unless a parent is a habitual perpetrator of domestic violence, there is a presumption that joint custody is in the best interest of the child." *Weaver v. Weaver*, 170 Idaho 72, 75, 507 P.3d 1102, 1105 (2022) (citation omitted). "[J]oint physical custody does not mean that each parent is entitled to receive an equal amount of time with the children[.]" *Id.* (alterations in original) (quoting *Peterson v. Peterson*, 153 Idaho 318, 321, 281 P.3d 1096, 1099 (2012)); *see also Martinez (Portillo) v. Carrasco (Mendoza)*, 162 Idaho 336, 345, 396 P.3d 1218, 1227 (2017) ("The statute does not mandate equal time with each parent or alternating physical custody back and forth."). "Rather, an order awarding joint physical custody should afford 'each of the parents significant periods of time in which a child resides with or is under the care and supervision of each of the parents.' " *Weaver*, 170 Idaho at 75–76, 507 P.3d at 1105–06 (quoting I.C. § 32-717B(2)). What constitutes "significant periods of time" is left to the sound discretion of the trial court, subject to a case-by-case determination by the court after considering all relevant factors regarding what type of custody schedule is in the best interests of the child. *See Wilson v. Wilson*,

___ Idaho ___, ___, 560 P.3d 1126, 1138 (2024) (holding that the magistrate court's custody order granting only two weeks of visitation per year to the father was consistent with an award of "joint physical custody" and not an abuse of discretion).

Here, the magistrate court's memorandum decision provided two very different custody options and ordered the parties to choose one, or stipulate to a different parenting plan:

> After considering the factors, the [c]ourt has decided the following:
>
> 1. It is going to *set out the options it is considering*.
> 2. The parties will have fourteen (14) days to consider the options and agree on one of them.
> 3. *The parties are free to agree on a different parenting plan*.
> 4. If the parties do not chose [sic] one of the [c]ourt's parenting plans or create their own, then the [c]ourt will issue a [s]upplemental [m]emorandum [d]ecision that will set forth its chosen parenting plan . . . .

(Emphasis added.) Under the first option, Child would reside in Idaho full time, splitting time equally, on a weekly rotation, between her parents. However, under the second option, Child would have no primary home state, splitting time equally between her mother in Texas and her father in Idaho on a two-week rotation.

Because Parents failed to stipulate to any specific custody order, the magistrate court issued a supplemental memorandum decision. The supplemental memorandum decision did not provide any additional findings of fact or analyze which custody arrangement was in the best interests of Child; it merely memorialized the two options outlined in the original memorandum as the court's custody order:

> **IF THE PARTIES RESIDE IN THE COEUR D'ALENE AREA**
>
> The parties shall continue to share week-on/week-off parenting time as long as each party resides in the Coeur d'Alene area or in Liberty Lake or Spokane Valley. The "Coeur d'Alene area" is defined by this [c]ourt to be: Coeur d'Alene, Dalton Gardens, Hayden/Hayden Lake, Rathdrum, Athol, Hauser/Hauser Lake, Huetter, Post Falls, and Fernan Village.
>
> **IF [MOTHER] RELOCATES TO TEXAS**
>
> The parties shall operate on a two week-on/off schedule. During the two week period, the off-duty parent shall have a long weekend or long period of parenting time of a minimum of 3 days. For instance, [Mother] has [Child] from April 5th through April 19th. [Father] can fly down to Texas to spend time with [Child] during that two-week period. Then [Child] will spend April 20 through May 3rd with [Father] in Idaho, and [Mother] will fly here to spend time with [Child]. The party giving up parenting time will fly with [Child] to the receiving party.

7

The parties shall equally share the cost of [Child]'s transportation back and forth. Each party shall be responsible for his/her off-duty costs.

Once it was clear that Mother had chosen to reside in Texas, the magistrate court issued final judgment adopting the two-week rotation between Father in Idaho and Mother in Texas. Thus, this case comes to us in an unusual posture—from a custody judgment that was entered without any conclusion by the magistrate court that the custody plan outlined in that judgment was in Child's best interests.

In its original memorandum decision, the magistrate court outlined the custody plans it was *considering* with no determination that either plan was in Child's best interests. No additional findings of fact or legal conclusions were made. The magistrate court essentially left it up to Mother to decide which plan would become the final judgment based on whether she decided to relocate to Texas. After it became apparent that Mother had elected to relocate, a judgment was entered accommodating that choice, which means that Child travels 2,000 miles between Texas and Idaho every two weeks. Critically, in issuing this judgment, the magistrate court did not analyze the impact on Child of (1) traveling approximately 2,000 miles every two weeks to visit her parents; and (2) rotating between communities in Idaho and Texas every two weeks, including the impact it would have on her education, particularly when she started kindergarten.

"[A] trial court abuses its discretion if it fails to give appropriate consideration to [all] relevant factors [pertaining to the best interests of the child in custody determinations]." *Weaver v. Weaver*, 170 Idaho 72, 75, 507 P.3d 1102, 1105 (2022) (holding that a custody order which created a school parent/weekend parent dichotomy for a three-year-old child was an abuse of discretion because the magistrate court failed to consider the impact the custody schedule would have on the child's interrelationships with her parents once she started school). The distance a child must travel to visit his or her parents is a relevant factor that must be considered in any relocation case. *Compare Martinez (Portillo) v. Carrasco (Mendoza)*, 162 Idaho 336, 345, 396 P.3d 1218, 1227 (2017) (abuse of discretion to fail to consider relevant factor that custody order would require child to make a 918 mile one-way trip every three weeks), *with State v. Hart*, 142 Idaho 721, 132 P.3d 1249 (2006) (upholding a two-week custody rotation between the father in Pocatello and the mother in Laramie, Wyoming—a distance of 453 miles—because expert testimony supported the custody schedule).

Here, the distance Child must travel between Texas and Idaho is more than twice the distance in *Martinez*, and there is similarly no expert testimony supporting this type of custody

8

arrangement. To the contrary, Dr. Bennett expressly stated, "The geographic distance between Coeur d'Alene and Houston is *significant* and *it makes sharing custody impractical*. Mother has been commuting to Houston on weeks that she has [Child]. *This is not something that can be sustained, especially after [Child] beings formal schooling*." (Emphasis added.) In its original memorandum decision, the magistrate court recognized that the two-week rotation between Idaho and Texas may be unworkable once Child starts school. Despite this recognition, once Mother had chosen to relocate to Texas, the magistrate court ultimately entered judgment ordering that custody rotation without analyzing how it would impact Child's education.

Furthermore, the decision reflects that the magistrate court failed to consider fully how the ordered custody schedule would impact Child even before she started formal schooling because the magistrate court did not make any findings regarding "the need to promote continuity and stability in the life of the child" under Idaho Code section 32-717(f). The magistrate court made no findings regarding what custody schedule is in Child's best interests or the impact of traveling 2,000 miles between Parents every two weeks.

In sum, we hold that the magistrate court abused its discretion because its decisions were inconsistent with applicable legal principles and lacked reason. Accordingly, we vacate the judgment of the magistrate court and remand for further proceedings consistent with this opinion. On remand, the magistrate court has the discretion to determine the scope of the proceedings, including whether to hold a new trial or whether to take additional evidence. In light of this holding, all additional issues on appeal and cross-appeal are moot. This includes Father's arguments regarding the proration of education expenses, which may be tied to the final custody decision made on remand. *See* I.C. § 32-706; I.R.F.L.P. 120.

## IV.    CONCLUSION

For the foregoing reasons, we vacate the judgment of the magistrate court and remand for further proceedings in accordance with this opinion. Given the unique posture of this case and the decision that Mother's cross appeal is moot, we decline to award costs on appeal because there is no prevailing party.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.