**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 53147**

| | | |
|---|---|---|
| ELIZABETH C. RABER nka ELIZABETH P. COREY, | ) ) ) | |
| Petitioner-Counterdefendant-Appellant, | ) ) ) | Boise, November 2025 Term |
| v. | ) ) ) | Opinion Filed: January 15, 2026 |
| MICHAEL R. RABER, | ) ) ) | Melanie Gagnepain, Clerk |
| Respondent-Counterclaimant-Respondent on Appeal. | ) ) ) ) | |

Appeal from the Magistrate Court of the First Judicial District of the State of Idaho, Kootenai County. Anna Eckhart and Katherine Murdock, Magistrate Judges.

The judgment of the magistrate court is <u>vacated</u> and <u>remanded</u>.

Amendola Doty & Brumley, Coeur d'Alene, and Bevis, Thiry, Henson & Katz, PA., Boise, for Appellant. Philip M. Bevis argued.

Palmer/George, PLLC, Coeur d'Alene, and Cosho Humphrey, LLP, Boise, for Respondent. Mackenzie E. Whatcott argued.

_____

BRODY, Justice.

This is an expedited appeal of the child custody determination and visitation schedule issued on remand following this Court's decision in *Raber v. Raber*, 175 Idaho 365, 565 P.3d 808 (*Raber I*) (2025). In *Raber I*, this Court vacated a judgment awarding Parents joint legal and physical custody of their four-year-old child on a two-week-on/two-week-off rotation between the father's home in Idaho and the mother's home in Texas. *Id.*

On remand, Judge Anna Eckhart (because two different magistrate court judges made rulings connected to this appeal, we will refer to the judges by name when necessary to avoid confusion) determined that Child's best interests were served by "remaining in Idaho where she can have a consistent and frequent contact with both parents on a week on/week off", as she found the parties had done since June 2023. The decision granted Parents equal parenting time with Child

1

so long as Mother returned to Idaho. Alternatively, if Mother chose to remain in Texas, primary physical custody would be granted to Father in Idaho with visitation granted to Mother one long weekend each month based on the visitation schedule recommended for Father in the parenting time evaluation (PTE) that was done shortly before trial in *Raber I*. Judge Eckhart's decision also awarded Father child support. Mother elected to remain in Texas, and Judge Katherine Murdock, the magistrate court judge who was assigned the case after Judge Eckhart's retirement, entered judgment memorializing the custody order and child support award.

Mother appeals, alleging numerous errors with respect to the custody order and child support calculation. For the reasons expressed below, we vacate the judgment and remand for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are the same as those previously articulated in *Raber I*. *Raber v. Raber* (*Raber I*), 175 Idaho 365, 366–68, 565 P.3d 808, 809–11 (2025). Only a summary of the most salient facts is included here.

Elizabeth Corey Raber (Mother) and Michael Robert Raber (Father) married in 2019 in Texas. While living in Texas, Mother was an environmental attorney, and Father was an assistant professor of neurosurgery. Their only child was born in October 2019. The parties resided in Houston, Texas, until moving to Coeur d'Alene, Idaho, in June 2020. Following the move, Mother quit her job in Texas to stay at home with Child, while Father worked as a neurosurgeon in Coeur d'Alene.

The parties' marital relationship was marked with significant difficulties, and Mother filed for divorce in January 2022. While the divorce was pending, Child initially remained with Mother in the family home in Coeur d'Alene, and Father had Child every other weekend at his home in Coeur d'Alene. In February 2022, Mother resumed working for her former law firm as a contract attorney on a part-time basis, and she began traveling with Child to Houston for work during the weeks in which she had physical custody. The temporary custody schedule was modified in June 2023, and the parties were ordered to follow a week-on/week-off schedule, resulting in Child flying back and forth between Idaho and Texas each week. The magistrate court also ordered a PTE to be conducted by Dr. Todd Bennett, Ph.D., a licensed psychologist, pursuant to Rule 1004 of the Idaho Rules of Family Law Procedure.

2

The PTE was completed in October 2023. The PTE recommended that Mother be awarded primary physical custody of Child and that she be permitted to relocate back to Houston with Child. The PTE explained that Parents' relationship was marked with coercive control dynamics, which tend to maintain ongoing higher levels of conflict. Based on research demonstrating that higher levels of conflict are "a primary contributing risk factor for child maladjustment," the PTE concluded that it was in Child's best interest for Parents not to share equal custody and for there to be "more distance between them." The PTE then recommended that Father have visitation one long weekend each month, with alternating travel obligations for Parents:

> [Father] should have regular time with Child given the distance. One long weekend per month should be ordered. [Father] and [Mother] should alternate travel, such that [Father] fly to Houston one month to have [Child] in Texas and then [Mother] fly with [Child] to Coeur d'Alene the next month for [Father] to have time at his home. Thanksgiving and [Child]'s spring breaks from school should be alternated by the parents. The Christmas holiday should be split and rotated each year. I recommend traveling December 26th, as to not ruin every Christmas for [Child]. [Father] should be allowed to have some block time with [Child] in the summers. At her current age, I recommend three non-consecutive one-week blocks. At the age of 8, this can change to two non-consecutive two-week blocks.

The matter proceeded to trial a month later in November 2023, and the magistrate court subsequently issued a decision outlining two alternative custody schedules it was considering and ordered the parties to choose one of them or agree to their own plan within fourteen days; otherwise, the court would enter its own decision. The alternatives were: (1) Parents would continue a weekly custody rotation if they both resided in the Coeur d'Alene area; or (2) if Mother relocated to Texas, Child would travel between Parents' homes on a two-week rotation. The parties were unable to reach an agreement and Mother relocated to Texas. Without making any findings concerning the best interests of Child, the magistrate court subsequently entered judgment finalizing custody in accordance with the two-week travel rotation outlined in the memorandum decision.

Father appealed the magistrate court's judgment, and Mother cross-appealed. In *Raber I*, this Court concluded the magistrate court abused its discretion because its decision was inconsistent with the applicable legal standards governing a best-interests-of-the-child analysis under Idaho Code section 32-717(1) and because it lacked reasoning. 175 Idaho at 371, 565 P.3d at 814. Accordingly, this Court vacated the judgment and remanded for further proceedings. *Id.* The Court stated: "On remand, the magistrate court has the discretion to determine the scope of

3

the proceedings, including whether to hold a new trial or whether to take additional evidence." *Id.* The remittitur was issued on April 3, 2025.

Once the matter was back in magistrate court, Father filed a motion for a status or scheduling conference, seeking guidance on how to proceed on remand and which custody schedule would be operative pending a final decision. Mother responded to the motion by agreeing with the need for a status conference but requesting the magistrate court consider additional evidence of Child's current adjustment to each home. Mother also filed a motion for temporary orders, requesting the parties continue operating on the two-weeks in Idaho/two-weeks in Texas schedule until the magistrate court issued its final decision on remand.

At the hearing on the matter, Father argued that Judge Eckhart, who was still presiding at the time, should decline to reopen the record or consider any evidence other than what was presented at trial, contending the magistrate court had all the information it needed to issue a final decision. Father also argued the parties should follow the temporary custody order issued in June 2023, in which the parties alternated custody on a weekly basis, pending a final decision on remand. He maintained that the June 2023 order incorporated the terms of a December 2022 temporary order, including a provision that prohibited either party from moving Child outside the Coeur d'Alene area, changing her schooling, or changing her daycare without written agreement from the other parent or an order from the court. Father requested that Child stay in Idaho pending a final decision and that the weekly rotation occur in Coeur d'Alene.

Recognizing that it had effectively permitted Mother to remove Child to live in Texas and to enroll Child in school there on a part-time basis, the magistrate court orally ordered the parties to stay on the two-week rotation pending its final decision. The magistrate court also noted this Court's statement regarding its discretion to determine the scope of the proceedings on remand and stated, "I'm going to take that as the Court's being very generous in letting me do whatever I want here in terms of scope of proceeding." The magistrate court subsequently issued a written order declining to consider additional evidence or hold a new trial.

Thereafter, on June 16, 2025, the magistrate court issued its findings and conclusions after remittitur. The magistrate court concluded it was in Child's best interests to "remain[] in Idaho where she can have a consistent and frequent contact with both parents on a week on/week off [schedule] as they have been doing since June of 2023." The magistrate court then ordered that if Mother returned to live in the Coeur d'Alene area, Parents would "continue to share week-

4

on/week-off parenting time[.]" If Mother remained in Texas, however, the magistrate court ordered that Mother be allowed the parenting time that was recommended for Father in the PTE issued in October 2023. The magistrate court also ordered that child support be calculated based on Father's salary at the time of trial and Mother's projected income at trial if she were to relocate to Texas and receive the maximum salary with bonuses. Recognizing that Mother would need time to decide where she would reside, the magistrate court specified that its order would take effect on September 1, 2025.

The same day the findings and conclusions after remittitur were issued, Judge Eckhart, who had presided over the case since its inception in January 2022, retired. Judge Murdock was then assigned the case. Based on Judge Eckhardt's findings and conclusions after remittitur and Mother's decision to remain in Texas, Judge Murdock subsequently entered judgment granting Parents joint legal and physical custody, with Father being the primary residential parent. During the school year, Mother was granted one long weekend with Child each month, with Parents alternating travel where Mother would fly to Idaho and visit Child one month and Child (accompanied by Father) would visit Mother in Texas the next month. The judgment also set out an alternating holiday schedule and provided that Mother was granted three, nonconsecutive one-week blocks of parenting time each summer, to be increased to two nonconsecutive two-week blocks when Child turns eight-years old. Mother was also ordered to pay child support to Father.

The day after the judgment was entered, Mother filed motions, with supporting memoranda and declarations, seeking the following: permission to appeal directly to this Court; reconsideration of Judge Eckhart's order regarding the scope of further proceedings; reconsideration and downward adjustment of the child support calculation; an amendment of the findings to justify that adjustment; and a stay of enforcement of the judgment. Following a hearing on these matters, Judge Murdock orally granted the motion for permission to appeal to this Court but denied all others. Written orders followed. Mother timely filed an additional notice of appeal to this Court.

## II.    STANDARD OF REVIEW

"Child custody determinations are committed to the sound discretion of the magistrate judge." *Bartosz v. Jones*, 146 Idaho 449, 453, 197 P.3d 310, 314 (2008). Absent an abuse of discretion, the trial court's child custody determination will not be overturned. *Firmage v. Snow*, 158 Idaho 343, 347, 347 P.3d 191, 195 (2015). "When the trial court's decisions affect children, the best interests of the child is the primary consideration." *Id.* (quoting *Suter v. Biggers*, 157 Idaho

542, 546, 337 P.3d 1271, 1275 (2014)). Consequently, in matters of child custody, "[a]buse of the trial court's discretion occurs only when the evidence is insufficient to support the conclusion that the interests and welfare of the minor children would be best served by a particular custody award or modification." *Biggers v. Biggers*, 103 Idaho 550, 555, 650 P.2d 692, 697 (1982).

### III. ANALYSIS

**A.  The magistrate court abused its discretion by basing its custody and visitation decisions on a clearly erroneous finding of fact and an incomplete best-interests-of-the-child analysis.**

Mother contends the magistrate court committed clear error and abused its discretion in rendering the custody and visitation decisions on remand because the decisions were based on a clearly erroneous finding of fact and were not supported by a best-interests-of-the-child analysis. In support of these contentions, Mother first argues the custody decision is based on an erroneous factual finding that Child has "remain[ed] in Idaho" since June 2023 and does not reflect Child's current situation because the magistrate court declined to consider any additional evidence on remand. Second, she argues the magistrate court's decision to award her one long weekend a month in visitation if she remained in Texas was arbitrary because it took the PTE's recommendation that Father be allowed visitation one long weekend each month if Child were allowed to relocate to Texas and applied it to Mother, thus "inverting" the recommendation without providing an explanation why doing so would be in Child's best interests. We address each argument in turn.

> *1. The magistrate court's conclusion that Child's best interests are served by residing in Idaho was based on a clearly erroneous finding of fact and a failure to consider a complete best-interests-of-the-child analysis.*

In its decision issued after the remittitur, the magistrate court determined that Child's "remaining in Idaho where she can have a consistent and frequent contact with both parents on a week on/week off as they have been doing since June of 2023" promotes stability and continuity and is therefore in Child's best interest. Mother asserts that the record is clear that Child had been rotating between Idaho and Texas since June 2023; therefore, Child had not "remain[ed] in Idaho" during that time. She argues this factual error is foundational because the magistrate court did not consider any evidence from the last two years of Child's life in Texas or whether Child's "remaining" there would better serve Child's need for continuity and stability. She further argues the magistrate court issued its conclusion regarding Child's remaining in Idaho without weighing any of the additional best-interests-of-the-child factors under Idaho Code section 32-717, thereby rendering its decision unsupported and an abuse of discretion.

6

"In Idaho, the children's best interests are of paramount importance when making decisions regarding the children's custody, including decisions relating to where the children will reside." *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009). Section 32-717 of the Idaho Code provides that child custody determinations must be based upon consideration of *all* relevant factors and be in the best interests of the child:

> (1) In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:
>
>> (a) The wishes of the child's parent or parents as to his or her custody;
>>
>> (b) The wishes of the child as to his or her custodian;
>>
>> (c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;
>>
>> (d) The child's adjustment to his or her home, school, and community;
>>
>> (e) The character and circumstances of all individuals involved;
>>
>> (f) The need to promote continuity and stability in the life of the child; and
>>
>> (g) Domestic violence as defined in section 39-6303, Idaho Code, whether or not in the presence of the child.

I.C. § 32-717(1). A court abuses its discretion when it fails "to support its conclusion that the welfare and interests of a child will be best served by a particular custody award." *Searle v. Searle*, 162 Idaho 839, 844, 405 P.3d 1180, 1185 (2017) (quoting *Moye v. Moye*, 102 Idaho 170, 172, 627 P.2d 799, 801 (1981)).

Here, the magistrate court issued additional findings and conclusions after remittitur that it noted were "in addition to or repetitive of" its prior decision in March 2024. The March 2024 decision outlined the relevant factors under Idaho Code section 32-717 and then summarily explained how the factors related to the evidence. In the findings and conclusions issued after remittitur, the magistrate court did not outline these factors but instead issued additional findings that summarized the evidence received at the November 2023 trial. The magistrate court then concluded that it is in Child's best interest to remain in Idaho with consistent and frequent contact with both parents on a week-on/week-off schedule. The magistrate court found that this schedule will "promote continuity and stability in her life" because Child will "be able to attend daycare where she has always attended" and "be able to continue in her dance classes."

There are two problems with the magistrate court's conclusion. First, it is based upon a clearly erroneous finding of fact. Child had *not* been having "consistent and frequent contact with both parents" in Idaho on a week-on/week-off schedule since June 2023. Rather, she had been rotating between her parents in Idaho and Texas on a two-week schedule since March 2024 and on a weekly schedule between June 2023 and March 2024. Second, the magistrate court's decision only addressed two factors under Idaho Code section 32-717: Child's relationship with her father and the need to promote continuity and stability in Child's life here in Idaho. I.C.§ 32-717(1)(c), (f). Section 32-717 requires the magistrate court to "consider all relevant factors" affecting the child's best interests, yet, critically, the magistrate court made no express findings with respect to Child's interactions and interrelationship with *Mother*; the character and circumstances of all the individuals involved; or Child's current adjustment to her homes, schools, activities, and communities in *both* Idaho and Texas. By failing to consider Child's life in both states and address each of the best-interest-of-the-child factors, the magistrate court's decision is not in accordance with the law and constitutes an abuse of discretion.

2. *The magistrate court abused its discretion by applying the PTE's visitation recommendation for Father to Mother without conducting a best-interests-of the-child analysis.*

As an alternative to the week-on/week-off custody schedule ordered if Mother returned to Idaho, the magistrate court ordered the parties to follow a different schedule if Mother chose to remain in Texas: "If [Mother] remains in Houston, Texas, the [c]ourt adopts the schedule suggested by Dr. Bennett on [p]age 30 of the [PTE], for parenting time with [Mother]." No additional analysis or findings were provided for this schedule. On page 30 of the PTE, Dr. Bennet recommended Child be allowed to relocate to Texas with Mother and for Father to have visitation one long weekend a month. The complete recommendation was:

> Based on the above factors [i.e., parenting, Child's adjustment, and character and circumstances of persons involved], [Mother] should be awarded primary physical custody of [Child] and be allowed to relocate back to Houston. The overall potential minimization of conflict and control in [Father] and [Mother]'s relationship is the biggest protective factor that can be applied to [Child]'s overall wellbeing. Thus, it is [Child]'s best interest to be with her mom and for the conflict between her parents to be low. Moving to Houston is the most likely way to accomplish that.

> [Father] should have regular time with [Child] give the distance. One long weekend per month should be ordered. [Father] and [Mother] should alternate travel, such that [Father] fly to Houston one month to have [Child] in Texas and then [Mother] fly with [Child] to Coeur d'Alene the next month for [Father] to have time at his

home. Thanksgiving and [Child]'s spring breaks from school should be alternated by the parents. The Christmas holiday should be split and rotated each year. I recommend traveling on December 26th, as to not ruin every Christmas for [Child]. [Father] should be allowed to have some block time with [Child] in the summers. At her current age, I recommend three non-consecutive one-week blocks. At the age of 8, this can change to two non-consecutive two-week blocks.

Between [Father]'s physical time, he should be allowed Facetime or other virtual call with [Child] three times per week. This time should be scheduled and routine for [Child].

The magistrate court essentially "inverted" the PTE recommendations, replacing "Father" with "Mother" and ordering primary custody to Father in Idaho and visitation to Mother one weekend each month. This was an abuse of discretion because it was unsupported by a best-interests-of-the-child analysis.

"The best interests of the child standard grants a magistrate court discretion to reach a custody decision that serves the best interests of a child no matter what the parents have specifically requested." *Weaver v. Weaver*, 170 Idaho 72, 78–79, 507 P.3d 1102, 1108–09 (2022). Here, Mother requested primary custody of Child and to be allowed to relocate with Child to Texas, with visitation to Father one weekend a month during the school year and additional time during the holidays, spring break, and summer. Father requested Parents share equal physical custody with Child and specifically argued on remand that all parties should reside in Idaho and Child should rotate between Parents on a weekly basis. It is clear from the magistrate court's decision that it rejected Mother's proposed schedule: "To go from seeing her dad every week to seeing him a weekend a month and via video calls is not fair to [Child]. It does not promote a stable relationship with her father."

While this finding may indicate that Mother's proposed custody schedule is not in Child's best interest, it does not provide any indication as to what custody schedule *is* in Child's best interests. The finding does not lead to the conclusion that what is unfair to Child and will not promote a stable-parent child relationship as applied to Father is suddenly fair to Child and will promote a stable parent-child relationship as applied to Mother. This is especially true when the magistrate court had previously found that Child "enjoys a close relationship with both of her parents."

"A court is not bound by the recommendations of an expert regarding custody plans, and the recommendations can be rejected if the court ultimately orders a custody arrangement based on the best interests of the child. *Clair v. Clair*, 153 Idaho 278, 290 n.3, 281 P.2d 115, 127 n.3

(2012). Here, the PTE's recommendation was based on its assessment of Child's best interests and the circumstances it found to exist as of October 2023. If the court were to have accepted the PTE's findings and its assessment of Child's best interest, this would support a custody order awarding *Mother* primary custody of Child and permission to relocate with Child to Texas, as recommended on page 30 of the PTE. The magistrate court did not follow this recommendation and instead awarded *Father* primary custody of Child in Idaho, thereby indicating that it did *not* agree with the PTE's findings. The magistrate court explained it understood the PTE's concerns, but "since June of 2023, the parties have been able to successfully coparent [Child]." The magistrate court also explained that Mother's desire to move back to Texas for her career and to be near her family "does not trump [Child]'s need to have her father in her life more than once a month and via video calls and some summertime weeks[,]" especially when considering that Mother had agreed to move from Texas to Idaho "[w]hen the parties were an intact family[.]" Again, neither of these findings indicate precisely what custody schedule *is* in Child's best interests, and no additional explanation was provided for the schedule that was ordered. This was error. In sum, we hold the magistrate court abused its discretion in determining custody and visitation because its decisions were based on a clearly erroneous finding of fact and an incomplete best-interests-of-the-child analysis. Accordingly, we vacate the judgment of the magistrate court.

> 3. *A new trial in front of a new magistrate judge must be conducted on remand.*

Over two years have now passed since the trial of this matter, during which time substantial changes have occurred in Child's life that may impact a best-interests-of-the-child analysis. To facilitate consideration of all relevant evidence, a new trial with a magistrate court judge other than Judge Eckhart is necessary. That is a much different decision than we reached in *Raber I*.

At the time we issued our opinion in *Raber I*, it was clear from the record that Child had been spending considerable time in Texas. The PTE noted this and discussed the benefits to Child of residing in Texas, which included greater access to and support from her extended family members. As part of the PTE process, Dr. Bennett conducted a home visit with Mother and Child in Texas, spoke with many of Mother's family members, and watched Child's interactions with her cousins. At trial, Parents stipulated to the admission of several exhibits to be considered by the magistrate court before issuing a decision. These exhibits included several photos of Child in Texas with her friends and extended family members and at her mother's workplace, as well as a map

10

showing where Child's grandparents and cousins live and the location of the proposed school for Child in relation to Mother's workplace.

This Court, looking at this case on appeal, was not in a position to determine in *Raber I* what additional evidence, if any, was necessary for the magistrate court to conduct a complete best-interests-of-the-child analysis. We left that decision to the sound discretion of the magistrate court. Given the state of the record, we do not agree with Mother that the magistrate court's decision to decline to consider new evidence was an abuse of discretion, but, as explained above, we do agree that the magistrate court could not ignore the evidence in the record that Child was essentially living in Texas on a half-time basis since June 2023 and that Child had spent a considerable amount of time there since the divorce proceedings began in January 2022.

Today, however, we are in a position to hold that, given everything that has occurred in this case, the passage of time, and Child's age ( six years-old), a new trial must be held. After two ineffective attempts to render a custody decision, we also have determined that this case must be assigned for trial to a magistrate court judge other than Judge Eckhart who sits as a senior judge. The magistrate court judge must decide on remand what custody arrangement is in Child's current best interests after considering *all* relevant evidence, including the amount of time Child has spent in Texas as well as Child's time in Idaho. In light of this holding, we decline to consider Mother's additional arguments regarding Judge Murdock's denial of Mother's motion to reconsider Judge Eckhart's decision declining to reopen the record.

**B.    The magistrate court's child support calculation is not consistent with Rule 120(i)(1) and (i)(7) of the Idaho Rules of Family Law Procedure.**

Mother next contends the magistrate court erred in its child support calculation because it ordered her to pay child support to Father without providing the required analysis under the Idaho Child Support Guidelines for combined incomes in excess of $440,000. She argues her child support obligation is the result of a mathematical error, or alternatively, a failure to apply the governing legal standards, and further argues the magistrate court erred by denying her request for a downward departure from the guidelines. In response, Father concedes that a child support award based on a calculation set at a combined salary of $440,000 is appropriate. However, noting that he previously paid child support to Mother based on the Parents' total combined income in excess of $440,000, he argues that a calculation set at $440,000 in combined salary should be applied retroactively such that he is credited for overpayments. Because we have vacated the judgment memorializing the magistrate court's custody decision, the child support award is also vacated and

will need to be re-calculated on remand, as it is tied to the final custody order. *See* I.C. § 32-706; I.R.F.L.P. 120. However, the issues regarding the proper legal standard to apply to a child support calculation are likely to arise again on remand, regardless of which party is ultimately ordered to pay. Accordingly, we address Mother's claims of error.

Rule 120 of the Idaho Rules of Family Law Procedure sets forth the child support guidelines that "regulate how to evaluate evidence in child support cases." I.R.F.L.P. 120. The guidelines contain a schedule of the basic child support obligation as a marginal rate of the parents' combined income up to $440,000. I.R.F.L.P. 120(i). If the parents' combined salary exceeds $440,000, the magistrate court *must* calculate the child support obligation for the first $440,000 according to the schedule set forth in Rule 120(i)(1) but has discretion with respect to what additional amount, if any, it will order based on the remaining income. I.R.F.L.P. 120(i)(7). In determining whether to award an additional amount and how much, the court must consider all relevant factors, including:

(A) The financial resources of the child.

(B) The financial resources, needs, and obligations of both parents.

(C) The standard of living the child enjoyed during the marriage.

(D) The physical and emotional condition and needs of the child, including educational needs.

(E) Any special impairment, limitation or disability of the child and any need for special education.

(F) Any special ability or talent of the child and the cost of educating or training that ability or talent.

(G) Any special living conditions that create additional costs for the child.

I.R.F.L.P. 120(i)(7). "When one parent has 25% or less of the overnight parenting time, the calculation will be the same basic amount" as outlined in the schedule, divided between the parents proportionate to their share of the combined income. I.R.F.L.P 120(i)(3)(B).

There is a statutory, rebuttable presumption that the amount of the award resulting from application of the guidelines is proper, "unless evidence is presented in a particular case that indicates an application of the guidelines would be unjust or inappropriate." I.C. § 32-706(5). If the court determines that the circumstances warrant a departure from the guidelines, the court must "make a written or specific finding on the record that the application of the guidelines would be unjust or inappropriate in the particular case before the court." *Id.*

Here, the magistrate court's custody order granted Mother 17% of the overnight visits if she remained in Texas, which resulted in the magistrate court ordering Mother to pay Father child support under that custody plan. This child support award was not calculated based on the first $440,000 of Parents' combined income pursuant to the schedule; rather, it appears the award was based upon Parents' total combined income. Importantly, the magistrate court did not provide any analysis of the factors under Rule 120(i)(7) to explain what additional amount was warranted under the circumstances. This was error. On remand, the magistrate court has discretion to decide whether the child support award shall be based on a calculation set at $440,000 or based on a higher amount up to Parents' total combined income. However, if the magistrate court decides to base the award on a higher amount, it must explain its reasons for doing so pursuant to Rule 120(i)(7). Therefore, we decline to address Father's arguments regarding credit for any overpayments and reserve that issue for the magistrate court's determination in the first instance. On remand, the parties may also raise their arguments regarding any departure from the guidelines with the magistrate court.

**C.      Guidance for temporary orders issued on remand.**

Mother requests this Court provide guidance on remand with respect to what custody order is in effect, pending the final decision, when this Court vacates a custody order. She highlights that this was a source of contention following *Raber I*, with the parties questioning whether to follow the custody schedule outlined in the last decision or whether the custody schedule reverts back to a prior temporary order. Citing persuasive authority from courts in other jurisdictions and Idaho Appellate Rule 17(e)(1), Mother now proposes that "all prior orders merge into the final judgment upon its entry, leaving no controlling order once that judgment is vacated." Mother's proposition is correct.

We need not turn to persuasive authority from other jurisdictions to resolve this issue. This Court has plainly stated that temporary custody orders are superseded by later orders and/or final judgments. *Suter v. Biggers*, 157 Idaho 542, 550–51, 337 P.3d 1271, 1279–80 (2014) (holding an appeal of a temporary custody order was moot because the temporary order was superseded by a later decision and final judgment). A prior custody order that was not the subject of the appeal does not become operational by default when a later order is vacated. Accordingly, we again hold that, when a custody order is vacated on appeal, there is no controlling custody order. Therefore,

13

the magistrate court must enter a new temporary order pending its final custody decision on remand.

**D.    Neither party is entitled to attorney fees.**

Father requests attorney fees pursuant to Idaho Code section 12-121, which permits an award of fees to the prevailing party if the case was "brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. However, Father is not the prevailing party. Mother does not request fees, but as the prevailing party, she is entitled to costs as a matter of course under Idaho Appellate Rule 40.

## IV.    CONCLUSION

For the foregoing reasons, we vacate the judgment of the magistrate court and remand for a new trial.

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.